Citation Nr: 1434244 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 07-07 537 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to dependency and indemnity compensation benefits under the provisions of 38 U.S.C.A. § 1151.


REPRESENTATION

Appellant represented by: Daniel G. Krasnegor, Attorney


ATTORNEY FOR THE BOARD

W. R. Stephens, Associate Counsel



INTRODUCTION

The Veteran served on active duty from September 1966 to October 1975. He died in April 2005. The appellant is the Veteran's widow. 

This matter initially came to the Board of Veterans' Appeals (Board) on appeal from a June 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois.

This matter has an extensive procedural history and has been before the Board multiple times before. Most recently, the United States Court of Appeals for Veterans Claims (Court) issued a February 2014 Memorandum Decision vacating a November 2012 Board decision and remanding the matter back to the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Pursuant to the Court's instructions, the Board finds that this matter must be remanded for further evidentiary development. Specifically, a new medical opinion must be obtained to properly address the appellant's assertion that the multiple prescription medications that the Veteran was taking caused or contributed to his death. The Court notes that the VA examiner addressed the Veteran's prescription Lamisil, but failed to address the combined effect of the numerous other medications the Veteran was taking.


Accordingly, the case is REMANDED for the following action:

1. Forward the claims file to an examiner of appropriate knowledge and expertise to determine whether it is as likely as not (at least 50% probability) or less likely than not (less than a 50% probability) that the Evansville Clinic's failure to provide adequate medical treatment and to assess, diagnose, and treat the severity of the Veteran's liver ailment resulted in his death from liver failure and sepsis, which is alleged to have contributed to his cause of death of cardiopulmonary failure.

In addition, the examiner must state whether or not the Veteran's death resulted from carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the attending VA personnel, or was the result of an event that could not reasonably have been foreseen or anticipated by a competent and prudent health care provider, trainer, or examiner.

If the Veteran's death resulted from the VA's failure to timely diagnose and properly treat liver failure and sepsis, which is alleged to have contributed to the noted cause of death, the examiner should say so.

In providing the opinion, the examiner should refer to the February 2014 Court Memorandum Decision. Specifically, the examiner must address the combined effect of all prescription medication the Veteran was taking, and whether they caused or contributed to his death. In addition, the examiner must specifically address the October 2011 private medical opinion regarding the combined effect of the Veteran's prescription medication.

A complete rationale for any opinion expressed must be provided. If the examiner is unable to reach an opinion without resort to speculation, he or she should explain the reasons for this inability and comment on whether any further tests, evidence, or information would be useful in rendering an opinion.

The examiner is advised that the term "as likely as not" does not mean within the realm of possibility. Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is medically sound to find in favor of causation as to find against causation. "More likely" and "as likely" support the contended causal relationship or a finding of aggravation; "less likely" weighs against the claim.

2. After the requested records review and opinion are completed, the report should be reviewed to ensure complete compliance with the directives of this remand. If the report is deficient in any manner, it should be returned to the reviewing personnel. See Stegall v. West, 11 Vet. App. 268 (1998).

3. After undertaking any other development deemed appropriate, the RO will readjudicate the issues on appeal. If the benefit sought is not granted, the Veteran and his representative should be furnished with a supplemental statement of the case and afforded an opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).